UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN PATRICK LOWE, § | |
| § | |
| Appellant/Trustee, § | |
| § | 1:22-CV-862-RP |
| v. § | |
| § | |
| HOUSTON LEE JONES, § | |
| § | |
| Appellee/Debtor. § | |

**ORDER**

Before the Court is Appellant John Patrick Lowe's ("Appellant" or "Trustee") Brief, (Dkt. 5), Appellee Houston Lee Jones's ("Appellee" or "Debtor") Appellee's Brief, (Dkt. 6), and the Appellants' reply, (Dkt. 7). Having considered the parties' briefing, the record in this appeal, and the relevant law, this Court will affirm the Bankruptcy Court's ruling.

**I. BACKGROUND**

The instant appeal stems from Appellee's Chapter 7 bankruptcy proceedings, *In re Jones*, No. 22-10269-tmd (Bankr. W.D. Tex. filed Apr. 29, 2022). (Notice of Appeal, Dkt. 1, at 2). Appellant/Trustee in this matter appeals the order of the Bankruptcy Cour, which denied Appellee/Debtor's claim of exemption for certain funds in an inherited retirement account. (*Id.*).

Appellee inherited an Individual Retirement Account ("IRA") from his father. (Beneficiary Designation, Dkt. 3-2, at 25). Appellee claimed an exception for this account on Schedule C of his Chapter 7 bankruptcy petition, arguing that it was exempted under Tex. Prop. Code § 42.0021. (Schedule C, Dkt. 3-2, at 136). Appellant filed an Objection to Appellee's Claim of Exemption, arguing that the funds are not "qualified" under Texas law and, as they are not strictly retirement funds Appellee's use at retirement, they should not be exempt. (Obj., Dkt. 3-2, at 141–151). The Bankruptcy Court for the Western District of Texas held a hearing regarding the objection on

1

August 8, 2022. (Ord., Dkt. 3-2, at 267). On August 9, 2022, the court overruled Appellant's objection. (*Id.*). Appellant then filed this appeal.

## II. STANDARD OF REVIEW

On appeal, "[a] bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed de novo." *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009). "Under a clear error standard, this court will reverse only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (quotation omitted).

## III. DISCUSSION

### A. Relevant Law

Under the United States Bankruptcy Code, states may either opt into the federal exemption slate, or opt out, and allow only the state's bankruptcy exemption slate. (11 U.S.C. § 522(b).) Texas is an "opt in" state, allowing debtors to choose either the federal or the state exemptions. (*In re Bounds*, 491 B.R. 440, 444 (Bankr. W.D. Tex. 2013).). When there is no conflict between state and federal laws, the state may prevail, and expand protections that the federal exemptions limit. (*In re Applebaum*, 422 B.R. 684, 688 (9th Cir. 2009).) In the present case, Debtor chose the Texas exemption slate. (Appellant's Br., Dkt. 6, at 6).

Texas has adopted an exemption for qualified retirement accounts which is broader than the federal statute. Among other things, the Texas exemption covers inherited IRAs. *Compare* Tex. Prop. Code § 42.0021(c) (explicitly covering certain inherited IRAs), *and id.* § 42.0021(a)(4) (defining "qualified savings plans" to include certain inherited IRAs), *with* 11 U.S.C. § 522(b)(3)(C), *and Clark v. Rameker*, 573 U.S. 122 (2014) (holding that and § 522(b)(3)(C) does not cover inherited accounts).

Appellant raises two issues on appeal: (1) whether the bankruptcy court erred in providing Appellant with only a short hearing for his objection, with no opportunity to present witnesses or

additional arguments, and (2) whether the bankruptcy court erred by overruling Appellant's objection to the claim of exception in light of *Clark*, 573 U.S. 2014.

### B. No Error in the Court's Management of the Hearing

On appeal, Trustee argues that the bankruptcy court erred in "denying" him "an opportunity to put on his case" and "declining to review and consider [his] evidence and the legal issues." (Appellant's Br., Dkt. 5, at 9–10). The bankruptcy court did not err. First, the hearing transfer reflects that Appellant was able to briefly address the same arguments he presents on appeal, and that the bankruptcy court admitted Appellant's exhibits into the record. Courts hold "inherent power to manage their own affairs so as to achieve orderly and expeditious disposition of cases." 57 F.3d 1406. This power includes the power to manage hearings before the court. Appellant does not cite any law or regulation to the contrary. Appellant had an opportunity to fully brief his objection, and the bankruptcy court was not obligated to consider any particular witness or additional argument. Accordingly, the Court will affirm the bankruptcy court's order as to this point.

### B. Court Did Not Err by Overruling Appellant's Objection

Trustee also argues that the bankruptcy court erred in overruling his objection. Trustee does not dispute that the IRA at issue qualifies for an exemption under Texas law. Instead, he argues that the court should have sustained his objection because, per *Clark*, 573 U.S. 122, an IRA inherited from the non-spouse cannot be claimed as exempt under § 522(b)(3)(C). (Appellant's Br., Dkt. 7, at 7). For the following reasons, the Court disagrees.

In *Clark*, the debtor had claimed an exemption over an inherited IRA through 11 U.S.C. § 522(b)(3)(C). *Id.* at 124–25. Section 522(b)(3)(C) applies to "retirement funds to the extent that those funds are in a fund or account that is exempt" under certain tax code provisions. The Supreme Court held that the term "retirement funds" did not cover the inherited IRA. *Clark*, 573 U.S. at 129–30. According to the Court, retirement accounts have legal limitations that "ensure that debtors

who hold such accounts (but have not yet reached retirement age) do not enjoy a cash windfall by virtue of the exemption." *Id.* at 129. By contrast, an inherited IRA's characteristics would not prevent or discourage a person from using the balance as a windfall after bankruptcy proceedings. *Id.* at 129–30. Based on this reasoning, the Supreme Court affirmed the Seventh Circuit's order sustaining a trustee's objection to the exemption. *Id.* at 133.

Trustee argues that the Supreme Court's ruling in *Clark* precludes Debtor from claiming an exemption over his inherited IRA. However, as the Bankruptcy Court noted in its order, this district distinguished *Clark* in *In re Kara*, 573 B.R. 696, 698 (Bankr. W.D. Tex. 2017). The Trustee in that case objected when the debtor claimed an exemption for his inherited IRA under Texas Property Code § 42.0021, a statute that expressly exempted certain inherited retirement accounts. *Id.* at 701. The court found that a debtor could validly claim a valid use §522(b)(3) to claim a state law exemption for an inherited account that qualified for an exemption under Texas law. *Id.* at 701–02. The court explained that even though the statute in *Clark* did not cover inherited accounts, *Clark* "left open the possibility that a broader statute . . . could allow debtors to keep an inherited IRA and still not run afoul to Supreme Court precedent." *Id.* at 699, 701. As the Texas statute was broader and expressly exempted certain inherited accounts, and the account fell within the statute, the Court denied and overruled the trustee's objections. *Id.* at 702–03.

The same reasoning applies here. Debtor claimed an exemption under Texas Property Code 42.0021(c). The statute expressly applies to "a qualified savings plan that was acquired by reason of the death of another person," i.e., an inherited account. The IRA at issue here falls within the statute. Like the *In re Kara* court, the bankruptcy court correctly denied and overruled Trustee's objection.

Trustee's arguments to the contrary are unavailing. Trustee argues that *Clark* preempts any state exemption because the Supreme Court's analysis hinged on the plain language of § 522(b)(3)(C)

4

and the nature of inherited IRAs, rather than on the contents of the corresponding state law. But the bankruptcy court had held that the account could not be exempted under either federal or state law. *In re Clark*, 466 B.R. 135, 136 (W.D. Wisconsin 2012). The subsequent appeals could not have addressed the state law exemption because the trustee only appealed the ruling regarding the exemption under §522(b)(3)(C). *See id.* ("[A]ppellants challenge only the bankruptcy court's ruling regarding the federal exemption . . . ."). Given *Clark*'s procedural history, Trustee's argument overstates the scope of the ruling.

Trustee also contends that, even absent *Clark*, Debtor's inherited IRA is outside the scope of § 42.0021 because, under *In re Jarboe*, the account does not have the characteristics to be considered a "qualified" account. (*See* Appellant's Br., Dkt. 7, at 11–12 (citing *In re Jarboe*, 365 B.R. 717 (Bankr. S.D. Tex. 2007). However, *In re Jarboe*'s analysis predates the 2013 amendment to § 42.0021, which expressly includes an exemption for "inherited individual retirement account[s]," Tex. Prop. Code § 42.0021(a)(4), and makes these accounts exempt to the extent they were exempt before the decedent's passing. *Id.* § 42.0021(c).

Trustee insists that § 42.0021(c) is ineffective because it includes the words "qualified savings plan," like the statute in *In re Jarboe* did. (Appellant's Br., Dkt. 7, at 12–13). But, as Trustee acknowledges, applying *In re Jarboe* based solely on this phrase would render subsections § 42.0021(a)(4) and (c) superfluous and ineffective. (*Id.* at 12–14). These sections expressly exempt certain inherited IRAs, and the Court will not go against the plain language of the current statute. As Trustee does not argue that the account does not otherwise fall within the Texas exemption, the Court will affirm the bankruptcy court's decision to overrule Trustee's objection.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the bankruptcy court's Order Overruling Objection to Exemption, (Dkt. 3-2, at 261, 267–68), is **AFFIRMED**.

**SIGNED** on July 13, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE